**No. [25-684]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**MARIA LEDEZMA,**

*Plaintiff-Appellant,*

v.

**OPTUM SERVICES, INC.**

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California District,
Case No. 3:23-cv-06691-VC
Hon. Vincent Chhabria

# APPELLANT'S OPENING BRIEF

Arkady Itkin
Law Office of Arkady Itkin
57 Post Street, Suite 812
San Francisco, CA 94104
Tel. 415-640-6765
Email: arkady@arkadylaw.com

*Attorneys for Appellant*
Maria Ledezma

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .......... iii

INTRODUCTION .......... 1

JURISDICTIONAL STATEMENT .......... 1

ISSUE(S) PRESENTED .......... 2

STATEMENT OF THE CASE .......... 2

SUMMARY OF THE ARGUMENT .......... 3

STANDARD OF REVIEW .......... 4

ARGUMENT .......... 4

I. Contrary To The District Court's Conclusion, Appellant Sufficiently Articulated A Conflict Between Her Religion and Her Objection to Getting Vaccinated .......... 4

II. The Caselaw Cited by District Court Is Easily Distinguishable .......... 8

III. The District Court's Comments During Oral Argument Of This Motion Reveal Bias And Misapplication of the Law .......... 11

(a) The District Court imposed a higher burden on Appellant to prove religious conflict than required by 9th Circuit .......... 11

(b) The District Court's reference to Appellant being "misinformed" and "disinformation on the internet" indicate significant bias inappropriate at the summary judgment phase of the case .......... 12

(c) Even if the District Court's statements regarding the basis for Appellant's objection were on point, the overlap between her religious and non religious objection to the Covid-19 vaccine does not negate

the basis for her claim
13

CONCLUSION........................................................................................................ 14

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v Liberty Lobby, Inc.*
477 U.S. 242(1986)........................................................................ 4

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 558 (2007)........................................................... 6, 8, 10

*Berke v. Bloch,*
242 F.3d 131 (3d Cir. 2001)................................................................ 1

*Berry v Dep't of Soc. Serves.*
447 F.3d 642 (9th Cir. 2006)........................................................... 6

*Bolden-Hardge v Off. of the Cal. State Controller*
63 F.4th 1215 (9th Cir. 2023)........................................................... 7

*Branch banking & Tr. Co. v D.M.S.I., LLC*
871 F.3d 751 (9th Cir. 207) ................................................................ 4

*Burwell v Hobby Lobby Stores, Inc.*
573 U.S. 682 (2014).......................................................................... 5

*Callahan v Woods*
658 F.2d 679 (9th Cir. 1981)

*Doe v San Diego Unified Sch. Dist.*
19 F.4th 1173 (9th Cir. 2021)........................................................... 6

*Emp. Div., Dep't of Hum. Res. of Or. v. Smith*
494 U.S. 872 (1990)........................................................................ 12

*Fallon v Mercy Catholic Medical center of Southeastern Pennsylvania*
877 F.3d 487 (3rd Cir. 2017)............................................................ 9

*Finkbeiner v Gesinger Clinic*
623 F. Supp. 3d 458 (M.D. Penn. 2022)........................................ 8

*Frudden v Pdling*
877 F.3d 821 (9th Cirl 2017)....................................................................4

*Gadling-Cole v W. Chester Univ.,*
868 F. Supp. 2d 390 (E.D. Pa. 2012)..............................................12

*Groff v Dejoy*
600 U.S. 447 (2023)..........................................................................12

*Heller v EBB Auto Co.*
8 F.3d 1433 (9th Cir. 1993)..............................................................11

*Keene v City and County of San Francisco*
22-16567; N.D. 4:22-cv-01587-JSW, Doc. #64............................. 7

*Masterpiece Cakeshop, Ltd. V Colo. Civil Rights Comm 'n*
138S. Ct. 1719(2018) ........................................................................ 6

*Petermann v Aspirus, Inc.*
No. 22-cv-32-JDP (Wisconsin Dist. Ct.).................................... 8

*Smith v Fair Employment & Housing Com.*
12 Cal.4th 1143 (1996).......................................................................6

*Soldinger v Northwest Airlines, Inc.*
51 Cal.App.4,h 345 (1996)................................................................. 4

*Tagore v United States*
735 F.3d 324 (5th Cir. 2013)........................................................ 12

*Thomas v Rev. Bd. of Ind. Empl. Sec. Div.*
450 U.S. 707(1981)..........................................................................7,8

*United States v Seeger*
380 U.S. 163 (1965)............................................................................ 5

*Welsh* v *United States*
398 U.S. 333 (1970) ......................................................................5,7

**Statutes**

28 U.S.C §1332 .......... 1

28U.S.C. §1291.......... 2

Cal. Gov. Code §12926(q).......... 5

**Regulations**

Cal. Code Reg. Title 2 sec. 7293.1.......... 5

29 C.F.R. §1605.1 .......... 5

**Rules**

FRCP 56(a) ..........4

**Other Authorities**

EEOC Guidance 124(A)(2).......... 7

## INTRODUCTION

This is a case a about a dedicated pharmacist's career and life being derailed by an unlawful denial of her religious exemption request from the requirement to be vaccinated against Covid-19. The District Court did here exactly what the 9th Circuit warned against - questioning the existence of a conflict between the Appellant's religious beliefs and her request for religious exemption from her employer's requirement to get vaccinated against Covid-19 way beyond the limits prescribed by both the law and this Circuit recent decisions. This is all despite the Appellant providing more than ample evidence of the nature of her religious beliefs and the underlying reasons for her exemption request, and essence of the conflict. Nevertheless, the District Court granted the Respondents' summary judgment motion, after incorrectly making evidentiary inferences against the Appellant, instead of finding that at the very least there are triable issues of fact here on the existence of religious conflict. The District Court's decision should be reversed, and this case should be remanded for further proceedings and trial.

## JURISDICTIONAL STATEMENT

The district court had diversity jurisdiction under 28 USC §1332. On February 3, 2025, the district court entered its summary judgment in this case, which is a final order, and Plaintiff filed a timely notice of appeal. This Court has jurisdiction under 28 U.S.C. §1291.

## ISSUE(S) PRESENTED

Whether the District Court erred by granting a summary judgment in this case.

## STATEMENT OF THE CASE

Appellant was hired by the Respondent around August 2013, as a pharmacist. ER-233. She applied for a religious exemption from the Respondents' requirement to be vaccinated against Covid-19 in September 2021, on the basis of her Christian faith. ER-73-74. In her exemption request, Respondent cited a number of Bible verses in support of her explanation of the conflict between her faith and the vaccination requirement. ER-73-74. Around November 7, 2023, Appellant was notified that her exemption request was denied. ER-234. Appellant submitted her denial of exemption appeal letter, further asserting her religious rights under Title VII and insisting on being accommodated. ER-76, but to no avail. Respondents offered no other accommodations to Appellant. ER-71. Appellant was terminated from her position as a pharmacist with the Respondents for failure to comply with the employer's Covid-19 vaccination requirements, after the Appellant's request for religious exemption was denied. ER-119. The employer summarily denied the exemption request, despite expressly accepting the Appellant's religious belief as sincere. ER-184.

The district court granted the Respondents' summary judgment concluding that Appellant did not sufficiently articulate a conflict between her religious beliefs and her objection to getting the Covid-19 vaccine. ER-10-12. This is despite the Appellant submitting request and additional documents, which provided more than sufficient detail explaining her religious objections and even citing a number of Bible verses in support of her objections. ER-73-74. Yet the District Court somehow found those explanations to be insufficient and on that basis granted the Respondents' motion.

## SUMMARY OF THE ARGUMENT

The district court erred by imposing a far greater burden on the Appellant to show a conflict between her religion and her objection to the vaccination than required by law and as previously held by 9th Circuit. Further, the district court construed relevant evidence and reasonable inferences therefrom against the Appellant, when it should have done the exact opposite at the summary judgment stage - giving the basic benefit of the doubt to the Appellant that she sufficient present a conflict between her religion and her objection to being vaccinated, even if that conflict wasn't articulated in the most perfect manner possible. Finally, several of the lower court's comments during the oral argument reveal (political) bias that likely tainted its analysis against the Appellant. For all these reasons, this Court should reverse and remand this case for further proceedings.

## STANDARD OF REVIEW

The District Court's decision to grant summary judgment is reviewed de novo. *Branch Banking & Tr. Co. v D.M.S.I., LLC,* 871 F.3d 751, 759 (9th Cir. 2017). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court determines whether there are any genuine issues of material facts and whether the district court correctly applied the relevant substantive law. *Frudden v Pilling,* 877 F.3d 821, 828 (9th Cir. 2017). In doing so, this Court views the evidence in the light most favorable to the party against whom summary judgment was granted. *Id.* A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

## ARGUMENT

### I. CONTRARY TO THE DISTRICT COURT'S CONCLUSION, APPELLANT SUFFICIENTLY ARTICULATED A CONFLICT BETWEEN HER RELIGION AND HER OBJECTION TO GETTING VACCINATED

The elements of a religious creed discrimination claim are that: the plaintiff had a bona fide religious belief; the employer was aware of that belief; and the belief conflicted with an employment requirement. *Soldinger v Northwest Airlines,*

*Inc.,* (1996) 51 Cal.App.4th 345-370. California Fair Employment and Housing Act ("FEHA") defines religion broadly to include not only religious affiliation, but religious observance, belief and creed: "Religious creed," "religious observance," "religious belief," and "creed" include all aspects of religious belief, observance and practice, including religious dress and grooming practices. *Cal. Gov. Code* §12926(q). California Code of Regulations, title 2, section 7293.1 defines "religious creed" as follows: "Religious creed includes any traditionally recognized religion as well as beliefs, observations, or practices which an individual sincerely holds and which occupy in this or her life a place of importance parallel to that of traditionally recognized religions." The EEOC guidelines note that the fact that no religious group espouses such beliefs... will not determine whether the belief is a religious belief of an employee. 29 C.F.R. §1605.1, (citing *United States v Seeger* 380 U.S. 163 (1965) and *Welsh v United States,* 398 U.S. 333 (1970)).

The Supreme Court has cautioned against second-guessing the reasonableness of an individual's assertion that a requirement burdens her religious beliefs, emphasizing that a court's "narrow function... in this context is to determine whether the line drawn reflects and honest conviction." *Burwell v Hobby Lobby Stores, Inc.,* 573 U.S. 682, 725 (2014). The Supreme Court further noted: "In such an intensely personal area..., the claim of [individual] that his

belief is an essential part of a religious faith must be given great weight." *United States of Seeger,* 380 U.S. 163, 184 (1965).

The burden to allege a conflict with religious beliefs is fairly minimal. *Thomas v Rev. Bd. of Ind. Empl. Sec. Div..,* 450 U.S. 707, 715 (1981). A religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted. *Id.* at 714. The California Supreme Court has also held that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others" to be protected. *Smith v Fair Employment & Housing Com.,* 12 Cal.4th 1143, 1167-8 (1996). The courts generally may not ... question the legitimacy of an appellant's religious beliefs regarding Covid-19 vaccinations. *Doe v San Diego Unified Sch. Dist.,* 19 F.4th 1173, 1176 n.3 (9th Cir. 2021), citing *Masterpiece Cakeshop, Ltd. v Colo. Civil Rights Comm'n,* 138 S. Ct. 1719, 1731 (2018).

The Ninth Circuit applies a two-part framework for religious discrimination claim based on an alleged failure to accommodate a religious belief. First, an employee must set forth a prima face case that (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged ... him because of his inability to fulfill the job requirement. *Berry* v *Dep't of Soc. Servs.,* 447 F.3d 642, 655 (9th Cir. 2006). A bona fide religious belief is the one is

sincerely held. *Welsh* v *United States,* 398 U.S. 333, 339 (1970). In its published guidance, the EEOC states that "the sincerity of an employee's stated religious belief is usually not in dispute and is generally presumed or easily established. EEOC Guidance 12-I(A)(2). The Ninth Circuit has stated that courts need not "take plaintiff's conclusory assertions of violations of the religious belief at face value." *Bolden-Hardge v Off. of the Cal. State Controller,* 63 F.4th 125, 1223 (9th Cir. 2023). Crucially, this inquiry is not an inquiry into reasonableness of a plaintiff's beliefs. *Id.* When an individual asserts that a requirement burdens their religious beliefs, a court's narrow function is only to evaluate whether a plaintiff "has alleged an actual conflict." *Id.*

And yet here, the district court did exactly what it wasn't supposed to do - challenging the reasonableness of the Appellants religious beliefs as they apply to her objection to the Respondents' vaccination requirement. Despite having concluded that Appellant was a practicing Catholic, the lower court, as cited above, incorrectly concluded that her explanations connecting her faith to her objection to vaccine and the cited verses from the bible were insufficient to create a triable issue of fact. ER-17-18.

This is exactly the approach rejected by this Court in the unpublished memorandum in the still ongoing case of *Keene* v *City and County of San Francisco* (22-16567; N.D. 4:22-cv-01587-JSW, Doc. #64, May 15, 2023). There,

the Appellants who were denied religious exemption from the Covid vaccine based their request on the fact that they were Christians who "believe in the sanctity of life". This Court, relying on the above authorities, has held that the "district court erroneously concluded that neither Plaintiff has demonstrated that their religious beliefs are sincere or that those beliefs conflict with receiving the Covid-19 vaccine. There are no grounds upon which to assert the mistaken conclusion that the FDA-approved vaccines contain fetal cells or are otherwise derived from murdered babies." Most importantly, this Court cited *Thomas v Review Bd.,* 450 U.S 707, 714 (1981) and noted that "Beyond the district's factual error, its decision reflects a misunderstanding of Title VII law. A religious belief needs not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generous accepted..." The Ninth Circuit rejected the district court's erroneous holding that Appellants had not asserted sincere religious beliefs because their beliefs were not scientifically accurate. Likewise, this Court should reject the District Court's holding here for the same reasons, and find it to be a reversible error.

## II. THE CASELAW CITED BY DISTRICT COURT IS EASILY DISTINGUISHABLE

### (a) The District Court relied on cases from other Circuits instead of relying on the 9th Circuit recent, well developed caselaw

In support of its order the District Court relied on a number of cases, notably none of which are from this Circuit, and which are easily distinguishable from the present case.

In *Petermann v Aspirus, Inc.,* No. 22-CV-32-JDP, the Wisconsin District Court dismissed the case, noting that the plaintiff there did not explain in her complaint or in her brief how receiving the vaccine would be inconsistent with her particular religious observance or practice. *Id.* at 4. Here, however, the Appellant did exactly that in her opposition to summary judgment. The language in her request for exemption cites sections from Corinthians and Psalms and explains how those sections mandate that Plaintiff does not introduce anything into her body that would defile it or harm it, and that Covid-19 shots could later what God made with "sinful practices". ER-73. Further, the Appellant testified plainly and clearly at her deposition that her <u>church teaches her bodily autonomy</u> [emphasis added] ER-155.

The District Court's comparison of the Appellant's request for exemption to the "blanked privilege" sought in *Finkbeiner* v *Geisinger Clinic,* 623 F. Supp. 3d 458, 465 (M.D. Penn. 2022) is puzzling. In *Finkbeiner,* the plaintiff based her exemption request on her "God given right to make her own choices". The court appropriately found that argument to be too broad (a "blanket") and not religious in nature. Nowhere here, however, does the Appellant mention that she can basically

do whatever she wants, and her objections is explicitly based on the specific parts of the bible as cited above. ER-73-74.

The District Court's reliance on *Fallon v Mercy Catholic Medical Center of Southeastern Pennsylvania* 877 F.3d 487 (3rd Cir. 2017) is also unconvincing. In that case, the third circuit was dealing with "nontraditional faith" which made that court's evaluation whether the plaintiffs belief at issue was religious even more difficult than usual *Id.* at 490. In that case, the employee was simply worried about the health effects of the flu vaccine and disbelieved the scientifically accepted view that the vaccine is harmless to most people, and wished to avoid the vaccine on a single "do not harm your own body" principle. *Id.* at 492. The court granted the motion to dismiss finding that the appellant's refusal to get vaccinated was based on personal choice and not on any actual religious grounds, because no such grounds were actually presented or articulated.

Here, however, the District Court acknowledged that Plaintiff was a practicing Catholic by referring to her as such in the summary judgment order itself. ER-10. The Appellant didn't rely on her personal principles to not get vaccinated but clearly referred to her "deep, sincere religious belief pursuant to... reliance on teachings in the Holy Bible" in her initial exemption request. She then quoted specific verses from the bible in that request and explained how those verses connect to her objection to getting vaccinated against Covid-19 in great

detail. ER-73-74. Appellant further emphasized the religious grounds for her request for exemption in her appeal of denial of exemption where she reminded the Respondents what the term "religion" includes under the law. Yet, all of those valid arguments fell on deaf years, leading Appellant to being terminated.

## III. THE DISTRICT COURT'S COMMENTS DURING ORAL ARGUMENT ON THIS MOTION REVEAL BIAS AND MISAPPLICATION OF THE LAW

### (a) The District Court imposed a higher burden on Appellant to prove religious conflict than required by law and The Ninth Circuit

During the oral argument, the District Court insisted that Appellant needed to show a stronger causal connection between her religious beliefs and her objection to vaccine: "I agree, but it seems to me that she would have to point to something more than, you know, it's to me to deceive whether - you know, whether this desecrates the temple. And I just don't think that she pointed to anything from her religious that... provides guidance to her on whether the vaccine desecrates the temple." ER-24-25. This is even though the Appellant's counsel referred the court to the Appellant's request for exemption with all the religious verses contained in it and reminded that court that the Appellant did better than average as a layperson articulating her religious objection. ER-24-25.

Appellant's Counsel also reminded the District Court that it was supposed to follow the Ninth Circuit and not dissect the exemption, and not to expect it to be perfect. ER-29. Counsel also argued that the Appellant's request for exemption

was more detailed and better than most religious exemption letters. ER-29. During rebuttal, the Appellant's Counsel again pointed out to the court that "the courts have repeatedly warned against these types of examination expecting an employee to pass some type of examination perfectly, formulating every sentence. ER-37. However, the District Court erroneously concluded that the Appellant did not present any evidence of religious conviction despite the clear and specific evidence before it. This is in direct contradiction to the 9th Circuit's holding that the notice requires only enough information about the employee's religious needs to permit the employer to understand the existence of a conflict. *Heller v EBB Auto Co.,* 8 F.3d 1433, 1439 (9th Cir. 1993).

**(b)The District Court's reference to Appellant being "misinformed" and "disinformation on the internet" indicates significant bias**

The District Court's noting that the Appellant's saying that the vaccine contains carcinogens "underscores the problem" that "she is ... you know, that she is misinformed" ER-25; and most notably - that "she is getting guidance from disinformation on the internet" ER-25 suggests that the court had unfair bias on the issue, which likely affected its ability to view evidence and reasonable inferences from such evidence in light most favorable to the non-movant as required at the summary judgment stage, and consequently - affecting its ultimate decision on the motion. In any event, if nothing else, these are

credibility issues as to the actual motives behind Appellant's beliefs should be determined by the trier of fact, and not by a single judge via a dispositive motion.

**(c) Even if The District Court's regarding the basis for Appellant's objection was on point, the overlap between her religious and non-religious objection to the Covid-19 vaccine doesn't negate the basis for her claim.**

"Title VII claims for religious discrimination are cognizable for topics which overlap both the religious and political spectrum, such as abortion, as long as the claims are based on a plaintiff's bona fide religious belief." *Gadling-Cole* v *W. Chester Univ.,* 868 F. Supp. 2d 390, 397 (E.D. Pa. 2012). In other words, "a coincidence of religious and secular claim in no way extinguishes the weight appropriately accorded to the religious one. *Callahan v Woods,* 658 F.2d 679, 684 (9th Cirl. 1981). Assessing whether an alleged belief is religious for purposes of Title VII requires "a light touch." *Tagore v United States,* 735 F.3d 324, 328 (5th Cir. 2013), abrogated on other grounds by *Groff v DeJoy,* 600 U.S. 447 (2023). Courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim. *Emp. Div., Dep't of Hum. Res. of Or. v. Smith,* 494 U.S. 872, 887 (1990).

Here, the District Court undertook the mission of determining and dissecting the extent of the place of religion in Appellant's life as it related to her objection to the Covid vaccination. This is exactly what the court should have avoided doing.

## CONCLUSION

For all the foregoing reasons, the judgment of the district court should be reversed, and the case remanded for trial.

//

Date: April 21, 2025

Arkady Itkin, Counsel for Appellant
Maria Ledezma

*/s/ Arkady Itkin*

*Attorneys for Appellant Maria Ledezma*

**UNITED STATES COURT OF APPEAES**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

**9th Cir. Case Number 25-684**

I am the attorney for Appellant Maria Ledezma.

**This brief contains 3,878 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The briefs type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one):*

xx complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

[ ] it is a joint brief submitted by separately represented parties.
[ ] a party or parties are filing a single brief in response to multiple briefs.
[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s / Arkady Itkin **Date:** April 21, 2025