**No. [25-684]**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**MARIA LEDEZMA,**

*Plaintiff-Appellant,*

v.

**OPTUM SERVICES, INC.**

*Def endant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California District,
Case No. 3:23-cv-06691-VC
Hon. Vincent Chhabria

---

# APPELLANT'S REPLY BRIEF

---

Arkady Itkin
Law Office of Arkady Itkin
57 Post Street, Suite 812
San Francisco, CA 94104
Tel. 415-640-6765
Email: arkady@arkadylaw.com

*Attorneys for Appellant*
Maria Ledezma

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ii

INTRODUCTION ........................................................................................... 1

ARGUMENT 1

I. The Distrcit Court Specofically Rejected Any "Undue Hardship Argument" ....................................................... ; 1

II. The Respondents' Arguments Nitpicking The Appellant's Exemption Request and Her Deposition Testimony Are Unconvincing 2

(a) Ledezma Presented a Valid Prima Facie Case ...........................2

(b) Ledezma's Exemption Request Satisfied the *Africa* Elements 3

(c) Any Imperfections In Ledezma's Testimony Regarding Her Religious Views Are Of Little To No Legal Relevance 4

III. Respondent's Arguments Are Misleading ............ 7

(a) Respondent Misconstrues Ledezma's Testimony ..................,,,7

(b) The Cases Cited by the Respondent Are Not Analogous 10

IV. Existence of Conflict Between Religion and Vaccination Requirements is a Factual Issue Inappropriate For Summary Judgment 11

CONCLUSION 12

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Africa v. Com. of Pa.*,
662 F.2d 1025, 1031 (3d Cir. 1981) ..... 5

*Bolden-Hardge v Off. of the Cal. State Controller*
63 F.4th 1215 (9th Cir. 2023) ..... 6

*Bowie* v *Kaiser Found. Health Plan, Inc.*
2024 WL 3872926 (N.D. Cal. Aug. 16, 2024) ..... 9

*Burwell v Hobby Lobby Stores, Inc.*
573 U.S. 682 (2014) ..... 5,7

*Conner v Raver*
22-cv-08867-JST (N.D. Cal. 2024) ..... 5

*EEOC Autonation United States Corp.*
52 F.App'x. 327 (9th Cir. 2002) ..... 2

*EEOC v Red Robin Gourmet Burgers, Inc.*,
No. 2:04-cv-01291, 2005 WL 2090677, (W.D. Wash.) ..... 11

*EEOC v Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*,
279 F.3d 49, 55 (1st Cir. 2002) ..... 4

*Ellison v Inova Health Care Serves.*,
692 F. Supp.3d 548 (E.D. Va 2023) ..... 10

*Fallon v Mercy Cath. Med. Ctr. Of Se. Pa.*,
877 F.3d 487 (3rd Cir. 2017) ..... 9

*Frazee v III. Dep't ofEmpl. Sec.*,
489 U.S. 829 (1989) ..... 5

*Glasner v AvalonBay Communities, Inc.,,*
2024 WL 1600644 ..... 10

*Heller* v *EBB Auto Co.*
8 F.3d 1433 (9th Cir. 1993)........................................................... 8

*Keene v City & County of San Francisco,*
No. 22-16567, 2023 WL 3451687, (9th Cir. 2024)......................... 11

*Kent v Johnson,*
821 F.2d 1220, (6th Cir. 1987)..................................................... 10

*Medrano v Kaiser Permanente,*
No. 8:23-cv-02501 (C.D. Cal. 2024)........................................’....10

*Thomas* v *Nat'l Ass 'n of Letter Carriers,*
225 F.3d 1149 (10th Cir. 2000)......................................................... 8

*Thomas v Revie Board of the Indian Employment Security Division*
450 U.S. 707,(1981)............................................................................ 5

**Other Authorities**

EEOC Compliance Manual §12-IV.A.l.......................................................7

EEOC Compliance Manual §12-IV.A.2.......................................................8

EEOC What You Should Know About Covid-19 and the ADA, the Rehabiliation Act, and other EEOC Laws (2023)........................................4

## INTRODUCTION

None of the Respondents' arguments change the bottom line in this case. The Respondents arguments regarding the sufficiency of showing of the conflict between their vaccination requirement and the Appellant religious beliefs is also unconvincing. Appellant submitted more than sufficient evidence of showing a conflict between her religion and the vaccination requirement and submitted sufficient request for exemption which should have never been denied. At the very least, triable issues of fact exist, and this case should have never been dismissed by the District Court.

The Respondents' spending a large part of their brief belaboring the extent of the pandemic and the importance of various measures is puzzling. None of this is at issue in this case, and it was not even a factor in the lower court's granting of summary judgment, and therefore should be disregarded by this Court.

## ARGUMENT

### I. THE DISCTRICT COURT SPECIFICALLY REJECTED ANY "UNDUE HARDSHIP" ARGUMENT

Respondent spends the first eight and half pages of their brief describing the gravity of the pandemic and the challenges it presented to their operations. This information is of no relevance here. Whether testing and social distance was sufficient is not an issue in this case. More importantly, the District Court not only has never gotten to rule on the undue hardship defense at the summary judgment

stage, but it actually agreed with the Appellant: "they are not entitled to summary judgment on the undue hardship issue, and I don't need to hear argument on that. I agree with you that they are not entitled. That would need to go to trial." ER-27 (Tr. 16:12-15). The summary judgment here was granted on the grounds that have nothing to do with whether granting Appellant's request would have been an undue hardship, so any pertinent information in the Respondent's brief is simply irrelevant. Clearly, the Court wasn't interested in the undue hardship argument after learning that the Ledezma continued working in person in the office for nearly a year and a half, while complying with the employer's PPE policies, before she was placed on leave and terminated for not getting vaccinated. ER-70.

## II. THE RESPONDENTS'ARGUMENTS NITPICKING THE APPELLANT'S EXEMPTION REQUESTS AND HER DEPOSITION TESTIMONY ARE UNCONVINCING

### (a) Ledezma Presented a Valid Prima Facie Case

Establishing a prima facie case of discrimination requires the following showing: (1) a bona fide religious belief; (2) the practice of the belief conflicted with an employment duty; (3) the employee informed the employer of that belief and conflict; and (4) the employer threatened or subjected the employee to discriminatory treatment, including discharge because of an inability to fulfill the job's requirements. *EEOC v Autonation United States Corp.,* 52 F.App'x. 327, 329 (9th Cir. 2002).

Ledezma has carried her burden. It is undisputed that she informed her employer of a conflict between her religion and Optum's vaccination requirement when she submitted her initial request exemption request and citing numerous versus from the Bible in support of her request (ER-73), was denied a request for accommodation and was terminated shortly after as a result.

**(b)Ledezma's Exemption Request Satisfied the *Africa* Elements**

Under *Africa,* courts determine whether a belief is religious by examining whether the belief (1) addresses fundamental and ultimate questions having to do with deep and imponderable matters; (2) is comprehensive in nature, consisting of a belief system as opposed to an isolating teaching; and (3) manifests external signs such as formal services, clergy, structure, and practices. *Africa* v *Com. Of Pa.,* 662 F.2d 1025, 1032. (3rd Cir. 1981)

Appellant's request for religious exemption included a detailed explanation of her beliefs, citing several Bible verses, which she interpreted to mean she must not participate in the employer mandated Covid-19 vaccination process. The citations referenced in her exemption request reflect her understanding of the divine will and human obligation - clearly addressing "ultimate questions" within the meaning *o£Africa.* Ledezma' objection was not based on political or social ground but rather on her adherence to the scripture, drawing a connection between various passages in the bible and their moral demands in her understanding. This

shows that her beliefs were comprehensive in nature.

There is no evidence on the record to question the sincerity of Appellant's beliefs. Further, The Ninth Circuit has held that courts may not second guess the correctness or orthodoxy of an individual religious beliefs. See *EEOC* v *Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 279 F.3d49, 55 (1st Cir. 2002).

**(c) Any Imperfections in Ledezma's Testimony Regarding Her Religious Views Are of Little to No Legal Relevance**

The Respondent's discussion of imperfections in the Appellant exemptions request demonstrate nothing other than a continuing and persisting misunderstanding and misapplication of the law and of this Circuit's well established position on the issue. Whether the Appellant crafted her exemption request from scratch or used and modified an existing form is of no legal significance. The law doesn't require an employee to compose her own exemption request without any outside reference. Further, having both religious and secular objections to the requirement to be vaccinated against Covid-19 does not render the religious objection invalid, as per EEOC emphasizing that a religious objection to a workplace requirement may incorporate both religious and secular reasons. *What You Should Know About Covid-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (2023). Thus, the fact that Ledezma stated that she had both

scripture based and health *I* homeopathic objections to the vaccination requirement does not make her religious exemption request any less valid under the law. Ironically, Optum's referring in their Opening Brief to the website where Ledezma downloaded her initial exemption form from as "anti-vaccine" reveals the underlying animus toward Ledezma because of her religious conviction and exemption request.

In *Thomas v Revie Board of the Indian Employment Security Division,* the US Supreme Court noted that judges are not to "undertake to dissect religious beliefs ... because [they] are not articulated with the clarity and precision that a more sophisticated person might employ. 450 U.S. 707, 715 (1981). Courts are not arbiters of scriptural interpretation. *Id.* at 716.

Similar cautionary language resounds across many other cases. See e.g., *Burwell v Hobby Lobby Stores, Inc.,* 573 U.S. 682, 724(2104) (emphasizing that "federal courts have no business addressing whether the religious belief asserted in a case is reasonable"); *Frazee v III. Dep't ofEmpl. Sec.,* 489 U.S. 829, 833(1989) (warning that the orthodoxy of a claimant's belief is "irrelevant" under the Free Exercises Clause).

Ledezma's case is similar to *Conner v Raver,* 22-cv-08867-JST (N.D. Cal. 2024). In that case, the plaintiff described her religious objection to the testing (not only vaccination) rule as follows:

> Plaintiff who affirmed "the absolute sovereignty of God in all things, and His delegation of authority to human beings over the control of their own minds and bodies (Colossians 1:16-17; I Corinthians 6:19-20) that individuals should be the ones to make their own decisions, pertaining to any and all medical services and medications, including all decision regarding vaccines..II"Tomothy 1:7 ... "God has not given us the spirit of fear out of love, power and a sound mind." The Bible makes it clear that as a child of God, I wrestle not against flesh and blooks but against principalities, powers, rulers of the darkness of this world and spiritual wickedness in high places. It is my strongly held religious belief and conviction that these medical experiments and requirements are driven by spiritual wickedness in high places. I am not to submit to the "spirit of fear" because that is idolatry and a sing against God."

Denying the motion to dismiss in part, the Northern District found that the plaintiff there has alleged a sincerely held religious belief. *Id.* Doc. 39*6 (March 27, 2024). In making this determination, the *Conner* court specifically relied on *Bolden-Hardge* v *Off. the Cal. State Controller* 63 F.4th 1215, 1223 (9th Cir. 2023) ("The burden to allege a conflict with a religious belief is fairly minimal.") The Northern District court further noted that the Ninth Circuit has recently "cautioned against second-guessing the reasonableness of an individual's assertion

that a requirement burdens her religious beliefs, emphasizing that a court's narrow function in this context is to determine whether the line drawn reflects an honest conviction, (quoting *Burwell* v *Hobby Lobby Stores, Inc.,* 573 U.S. 682, 725 (2014). *Id.*

Like in *Conner,* here the Northern District should have also applied the approach of the recent 9th Circuit decisions, instead of excessively scrutinizing the Plaintiffs statements regarding her religion, and making inferences against Ledezma on the existence of a conflict between her religious beliefs and the employer's vaccination requirement, instead of doing the opposite at the summary judgment stage.

## III. RESPONDENT'S ARGUMENTS ARE MISLEADING

### (a)Respondent Misconstrues Ledezma's Testimony

Ledezma indeed admitted that it was not possible for her to never go into the branch. However, it's not the same as "needing to work in person" or "essentially requesting to work onsite while unvaccinated," as this creates an illusion that Ledezma had to work onsite in person every day, which wasn't the case.

Ledezma never "conceded... that the exemption request ... did not reflect her actual views." The fact that she found exemption fonn online, modified it as she believed was appropriate and submitted it does not mean that request was not sincere and not based on her faith. The law does not require the exemption request

to be drafted from scratch, and surely most employee use some type of form to initiate the process, whether that form is provided by the employer or found on line. An "applicant or employee need not use any 'magic words'" to notify their employer. EEOC Compliance Manual §12-IV.A.l. Notice "require[s] only enough information about the employee's religious needs to permit the employer to understand the existence of a conflict". *Heller v EBB Auto Co.,* 8 F.3d 1433, 1549 (9th Cir. 1993). Here, Ledezma provided employer information about the religious nature of her request in her initial exemption request letter, citing a number of verses from the scripture, and any subsequent twisting of her words by the Respondents does not change this.

The Respondent attempts to mislead this Court by conveniently selecting some parts of Ledezma's testimony but not others. Ledezma testified at her deposition: "our church teachers us self autonomy, bodily autonomy, so you take care of your temple to the best of your ability." ER-155 (Tr. 107:21-24). She also credibly testified that her beliefs affect other aspects of her life, including what she ingests not only physically but mentally, including not watching TV, and the things she eliminated from her environment. ER-156 (Tr. 108:9-25); and that she doesn't take any medication and doesn't use any make up and hair dye. ER-157 (Tr. 1-15). This makes it abundantly clear that Plaintiffs beliefs re vaccination are part of the

much broader system of beliefs which more than qualify to be considered religious under the law.

The employer had the right and could have easily discussed the request with Ledezma by engaging in the interactive process. *Thomas v Nat'l Ass 'n of Letter Carriers,* 225 F.3d 1149, 1155 (10th Cir. 2000); EEOC Compliance Manual §12-IV.A.2. Instead, they skipped all this by appropriately accepting the sincerity of *Ledezma* exemption request to only challenge it later, on summary judgment motion, by trying to find any and every imperfection in it, however legally irrelevant it might be.

Optum argues that Ledezma's exemption request wasn't religious in nature because supposedly she alone determined what conduct aligned of her principles. At the same time, they themselves cite Ledezma's testimony where she states "our **church** [emphasis added] teaches us self autonomy, bodily autonomy so you take care, of your temple to the best of your ability." ER-155 (Tr. 107:21-24). Nowhere does Ledezma testified that she did as she pleased. This reliance on church's teaching only reaffirms that Ledezma' request was clearly religious in nature. Ledezma never expected a "blanket privilege", and her objections were in fact religious in nature, even if her other considerations came into play. It's not clear how many times Ledezma had to reference verses from the scripture, Bible, and the church to Optum to get through to them.

Optum's claim that Ledezma never shared her religious objection to their vaccination requirement is yet another attempt to mislead the Court. This argument is belied by the very fact that Optum not only never requested any such explanation after Ledezma submitted her initial exemption request but they accepted her beliefs as sincere.

**(b)The Cases Cited by the Respondent Are Not Analogous**

*Bowie v Kaiser Found. Health Plan, Inc.* 2024 WL 3872926 (N.D. Cal. Aug. 16, 2024) is yet another case which was dismissed by the same Judge Honorable V. Chhabria as this case, and in the Appellant's views dismissed incorrectly without ever been appealed. Still, in that case the Plaintiff was requested by the employer and refused to provide further information to explain the conflict between his religion and the Covid-19 vaccination requirement. No such request was made in this case. On the Contrary - Optum accepted Ledezma's beliefs as sincere.

In *Fallon v Mercy Cath. Med. Ctr. Of Se. Pa., 877 F.3d 487 (3rd Cir. 2017),* the plaintiff's stated beliefs against the requirement to be vaccinated against the flu only referred to coercion, his conscience as to what is right and what is wrong, and not believing anything simply because he has heard it. The 3rd Circuit concluded that Fallon was simply worried about the health effects of the vaccine and

disbelieved the scientifically accepted view that it's harmless - which was medical belief; not religious.

The *Ellison v Inova Health Care Serves.,* 692 F. Supp.3d 548 (E.D. Va 2023) is a District Court decision from another circuit which is simply incompatible with the recent decision of the 9th Circuit. In that case, the Virginia court dismissed the Plaintiffs' claims even though it acknowledged that the plaintiffs beliefs were "couched in religion".

In *Glasner v AvalonBay Communities, Inc.,,* 2024 WL 1600644, the Plaintiff was granted leave to amend, after the District Court found the allegation in the original complaint to be insufficient on a 12(b)(6) motion. Shortly after, the case settled, so this case is not on point.

*Medrano v Kaiser Permanente,* No. 8:23-cv-02501 (C.D. Cal. 2024) is a case which was dismissed on a 12(b)(6) motion, and which is currently up on Appeal before this Court as well.

## IV. EXISTENCE OF CONFLICT BETWEEN RELIGION AND VACCINATION REQUIREMENT IS A FACTUAL ISSUE INAPPROPRIATE FOR SUMMARY JUDGMENT

The inquiry into "whether the belief or practice asserted is religious... [is] factual in nature." *Kent v Johnson,* 821 F.2d 1220, 1223-5 (6th Cir. 1987). A jury may ultimately need to resolve the question of whether, in such circumstances, a belief is religious. *See EEOC v Red Robin Gourmet Burgers, Inc.,* No. 2:04-cv-

01291, 2005 WL 2090677, at *3 (W.D. Wash. Aug. 29,2005) (denying summary judgment for the employer who argued plaintiffs belief he could not cover his religious tattoos was merely a personal preference). See also *Keene v City & County of San Francisco,* No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (in denying a preliminary injunction, district court erred in holding plaintiffs did not assert sincere religious beliefs when they alleged they were Christians who believed in the sanctity of life and the record showed Covid-19 vaccine manufacturers relied on fetal cell line to test vaccine efficacy).

## V. CONCLUSION

Appellant respectfully requests that the Court reverse the district court's ruling and remand this case for further proceedings. Appellant further requests that this Court publishes this decision to reiterate the limits within which lower courts can question an employee's religious beliefs and the conflict between their religion and various work requirements, including vaccination requirement.

//

Date: June 10, 2025

Arkady Itkin, Counsel for Appellant
Maria Ledezma

*/s/ Arkady Itkin*

*Attorneys for Appellant Maria Ledezma*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

**9th Cir. Case Number 25-684**

I am the attorney for Appellant Maria Ledezma.

**This brief contains 3,336 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The briefs type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*-.

xx complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*-.

[ ] it is a joint brief submitted by separately represented parties.
[ ] a party or parties are filing a single brief in response to multiple briefs.
[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s / Arkady Itkin **Date:** June 10,2025