Seyfarth

**Seyfarth Shaw LLP**
560 Mission Street
31st Floor
San Francisco, California 94105
**T** (415) 397-2823
**F** (415) 397-8549

lwylde@seyfarth.com
T (415) 732-1107

www.seyfarth.com

May 12, 2026

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, California 94103

Re: *Ledezma v. Optum Services, Inc.*, No. 25-684
Rule 28(j) Letter

Dear Ms. Dwyer:

We write to notify the Court of the recent decision in *Williams v. Legacy Health*, No. 24-5977 (9th Cir. May 6, 2026), in which a unanimous panel affirmed summary judgment for a healthcare employer, adopting arguments raised by Appellee Optum, Inc., regarding the denial of religious exemptions from a COVID-19 vaccination policy implemented during the Delta-variant surge.

In *Williams*, the Ninth Circuit affirmed summary judgment on the employer's Title VII undue hardship defense. Applying *Groff v. DeJoy*, 600 U.S. 447 (2023), and *Petersen v. Snohomish Regional Fire & Rescue*, 150 F.4th 1211 (9th Cir. 2025), the Court reiterated that undue hardship is shown when a burden is substantial "in the overall context of an employer's business," and that such burdens are not limited to financial costs, but may include health, safety, and operational risks. *Williams*, slip op. at 9; *see also Groff*, 600 U.S. at 468–70; *Petersen*, 150 F.4th at 1218–22.

The Court held that an employer need not wait for harm; a realistic risk of undue hardship is sufficient. *Williams*, slip op. at 9–10. The panel identified three risks supporting denial of vaccination exemptions in healthcare: (1) staffing disruptions due to illness and quarantine; (2) heightened risk to coworkers providing care; and (3) increased risk to patients. *Id.* at 3–4, 10–11. The Court also held that employers are not required to accept masking, testing, or other measures shown to be inadequate substitutes for vaccination. *Id*. at 10–12. Finally, the panel rejected arguments based

on other employers' exemptions, emphasizing that undue hardship must be assessed in light of the employer's "particular business." *Id*. at 9–11 (quoting *Groff*, 600 U.S. at 470).

As Optum explained in its answering brief, permitting Ledezma to continue working onsite unvaccinated during the Delta surge would have posed unacceptable health, safety, and staffing risks, including increased exposure to coworkers, workforce disruption, and impacts on timely care delivery to vulnerable patients. AB at 32–37. *Williams* confirms that summary judgment is appropriate where an employer demonstrates a substantial risk to its healthcare operations from these combined burdens.

Very truly yours,

SEYFARTH SHAW LLP

Lilah Wylde

LW

cc: All counsel of record (via ECF)